UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER NEUFELD & SON,<br>Plaintiff,<br>v.<br>MELON CORP.,<br>Defendant. | Case No. 1:26-cv-02308-CDB<br>ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO SET ASIDE ENTRY OF DEFAULT<br>(Doc. 21)<br>**7-Day Deadline** |

Pending before the Court is the unopposed motion of Plaintiff Lester Neufeld & Son, a California general partnership doing business as Neuhouse Farms ("Plaintiff"), to set aside the entry of default and declaration of counsel for Plaintiff in support thereof, filed on July 29, 2026. (Docs. 21, 22). On July 30, 2026, counsel for Defendant Melon Corp. ("Defendant") filed a declaration pursuant to the Court's order (*see* Doc. 23), which the Court construes as a statement of non-opposition to Plaintiff's motion. (Doc. 23). The Court deems the motion suitable for disposition without hearing and oral argument and the motion hearing set for September 2, 2026, is vacated. *See* Local Rule 230(g). As set forth below, the Court will grant Plaintiff's motion to set aside the entry of default as to Plaintiff.

## I. <u>Relevant Background</u>

On March 25, 2026, Plaintiff initiated this action with the filing of a complaint against Defendant. (Doc. 1). On June 2, 2026, Defendant filed an answer and asserted a counterclaim against

Plaintiff, alleging that Plaintiff's provision of custom farming services was unsatisfactory and that Defendant is owed approximately $1,938,428.74 plus interest under California law. (Doc. 7). On June 25, 2026, after Plaintiff failed to file a response to Defendant's counterclaim and upon Defendant's application, the Clerk of the Court entered default as to Plaintiff. (Docs. 13, 15).

On July 22, 2026, the Court entered the operative scheduling order setting forth dates and deadlines for discovery, pretrial, and trial. (Doc. 19). Following discussion with the parties during the scheduling conference and without objection, Plaintiff was ordered to file either a joint stipulated request to lift the entry of default accompanied by Plaintiff's proposed response to Defendant's counterclaim or a motion to lift entry of default against Plaintiff. (Doc. 18).

On July 29, 2026, Plaintiff filed the instant motion to set aside entry of default and a declaration of counsel for Plaintiff in support thereof. (Docs. 20, 21, 22). In the declaration, counsel for Plaintiff declares that Plaintiff has a meritorious defense to the counterclaim and Plaintiff denies a number of material allegations regarding the handling of the crop. (Doc. 22 ¶ 14).

## II. <u>Governing Authority</u>

A clerk's entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). "To determine 'good cause,' a court must 'consider three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (hereinafter, "*Mesle*"). Although the "good cause" standard is the same that applies to motions to set aside default judgment under Rule 60(b), "the test is more liberally applied in the Rule 55(c) context." *Id.* at 1091 n.1 (internal quotations and citations omitted); *see Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (finding the district court's discretion is "especially broad" when setting aside entry of default, rather than default judgment).

"[D]efault judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits." *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974); *see Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.").

**III. <u>Discussion</u>**

The Court addresses the *Mesle* factors below.

**A. Culpable Conduct**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (emphasis in original) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds as stated in Delgado v. Dempsey's Adult Care Homes, LLC*, No. 22-15176, 2023 WL 3034263, at *1 (9th Cir. Apr. 21, 2023)). "Intentional" conduct in this sense means "willful, deliberate, or…[in] bad faith," rather than neglectful. *TCI Grp.*, 244 F.3d at 697-98. A "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional.'" *Id*. at 697.

In light of counsel for Defendant's non-opposition to Plaintiff's motion to set aside default based on counsel's assessment that Plaintiff's failure to timely respond to the counterclaim was inadvertent neglect, coupled with the parties' representations regarding meet-and-confer efforts on the matter, the Court finds that Plaintiff did not intentionally fail to answer the counterclaim and counsel's conduct does not demonstrate intentional misconduct. (Doc. 24 ¶¶ 16, 17); (Doc. 21 at 4).

**B. Meritorious Defense**

In order to have an entry of default set aside, a defendant must also present specific facts that would constitute a meritorious defense. *TCI Grp.*, 244 F.3d at 700. However, the burden on a defendant is not extraordinarily heavy. *Id*. Indeed, a defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Haw. v. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (hereinafter, "*Stone*"); *see Audio Toys, Inc. v. Smart AV Pty Ltd.*, No. CV 06-6298-SBA, 2007 WL 1655793, at *3 (N.D. Cal. June 7, 2007) (movant "need only assert a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is resolved at a later stage.") (citing *TCI Grp.*, 244 F.3d at 700).

Plaintiff represents that it maintains a meritorious defense to Defendant's counterclaims as

"Defendant has already executed a settlement agreement, promissory notes, and a Stipulation for Entry of Judgment pertaining to the same crop that is at issue in the Counterclaims." (Doc. 21 at 4-5). Although Plaintiff refers to a proposed answer "filed concurrently" with the motion wherein "many material allegations are denied and affirmative defenses asserted[,]" (*see id.*), no such proposed answer was filed or lodged in Plaintiff's motion or counsel for Plaintiff's declaration. Notwithstanding Plaintiff's error, because the parties are actively litigating this action, and given the low burden a party must satisfy to demonstrate entitlement to setting aside default (*Stone*, 794 F.2d at 513), the Court finds that this factor weighs in favor of setting aside the entry of default.

**C. Prejudice**

"To be prejudicial, the setting aside of an entry of default must result in greater harm than simply delaying the resolution of the case." *TCI Grp.*, 244 F.3d at 701 (quoting *Falk*, 739 F.2d at 463); *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996). "Merely being forced to litigate on the merits cannot be considered prejudicial" for purposes of setting aside the default. *TCI Grp.*, 244 F.3d at 701. Rather, the standard is "whether [a plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463; *see Thompson*, 95 F.3d at 433-34 (to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion"). Prejudice in the form of a "quick victory" is insufficient to justify denial of relief. *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1225 (9th Cir. 2000).

As counsel for Defendant raises no argument regarding prejudice in his declaration (*see* Doc. 24), the Court finds setting aside entry of default as to Plaintiff would not prejudice Defendant. Further, this action is in an early stage with the scheduling order recently entered on July 22, 2026.

* * * * *

Given that litigation of actions in default generally is disfavored and that the *Mesle* factors weigh in favor of lifting default, the Court finds that default should be set aside.

## IV. <u>Conclusion and Order</u>

For the foregoing reasons, it is HEREBY ORDERED that:

1. The entry of default (Doc. 15) as to Plaintiff Lester Neufeld & Son, is SET ASIDE; and

2. Within **seven (7) days** of issuance of this order, Plaintiff Lester Neufeld & Son SHALL FILE its responsive pleading to Defendant's counterclaims.

IT IS SO ORDERED.

Dated: **August 4, 2026**

UNITED STATES MAGISTRATE JUDGE